## In Re Anonymous No. 26 D.B. 73 and 32 D.B. 73

Disciplinary Board Docket No. 26 D.B. 73, 32 D.B. 73.

HELWIG, Member, November 15, 1983—Pursuant to Rule 218(c)(5) Pa.R.D.E., the Disciplinary Board submits to your honorable court its findings and recommendations in the above captioned matter.

After oral argument before a panel of the board, and consideration of the record and briefs submitted in connection with this matter, the board

recommends that your honorable court adopt and approve the findings and conclusions made by the hearing committee in connection with the above matter and the hearing committee's recommendation that [Petitioner] be reinstated to the practice of law.

In support of this recommendation, the board notes as follows:

## BACKGROUND FACTS

[Petitioner] was disbarred by order of the Pennsylvania Supreme Court dated October 7, 1975, for reasons set forth in the opinion of the Supreme Court reported at 463 Pa. 472, 345 A.2d 616 (1975). In November 1981, [Petitioner] filed a petition for reinstatement which was referred to hearing committee [   ]. Hearings were held before the committee in September and October of 1982, pursuant to which the hearing committee filed a report and recommendation in February 1983 in which the committee recommeded that [Petitioner] not be "presently" reinstated to the practice of law. However, in its report, the hearing committee found the facts basically in favor of [Petitioner] but concluded that although he had demonstrated by clear and convincing evidence that he had the competency and learning for readmission to the practice of law, he had not demonstrated by clear and convincing evidence that he possessed the moral qualifications required for admittance or that his resumption of practice of law within the Commonwealth would not be detrimental to the integrity and standing of the bar or the administration of justice. This rested on the belief of the hearing committee that there was sufficient evidence on which the Committee could find that [Petitioner] had made

sufficient "rehabilitative efforts" to satisfy the Committee concerning his moral fitness. In its Report, the Committee noted:

". . .[W]e have scrutinized with great care the testimony offered on his behalf, seeking to learn the nature and extent of the rehabilitative efforts the petitioner had made since the imposition of sanctions upon him and the degree of success he has achieved in that rehabilitative process. Unfortunately, as we view the evidence presented, the record is devoid of any evidence aimed at that specific issue. Solely for this reason, we find that the petitioner has failed to meet the burden placed upon him of establishing his moral fitness to resume the practice of law." (Emphasis added.)

Upon review of the hearing committee's recommendation, the board, by order dated May 4, 1983, directed that the matter be reopened and remanded the proceedings to the hearing committee for the receipt of additional evidence. Pursuant to this order, further hearing was held on June 28, 1983. Following this hearing, the hearing committee filed a supplemental report, containing supplementary findings of fact and recommending that [Petitioner] be reinstated to the practice of law. Exceptions were taken to this report and recommendation by Disciplinary Counsel and oral argument requested and held.

The panel before which oral argument was held unanimously recommended that the board adopt the findings of fact and conclusions of law made by the hearing committee both in its original and in its supplementary report and that the board adopt the recommendation of the hearing committee that [Petitioner] be reinstated. After discussion and consideration, the board unanimously followed this recommendation.

## II. ISSUES INVOLVED

Disciplinary Counsel has vigorously opposed [Petitioner's] Petition for Reinstatement. This opposition is grounded basically upon the contention that misstatements and misrepresentations made by [Petitioner] in connection with his application for reinstatement and in the hearings held on such application disclosed that [Petitioner] lacks the character and moral fitness for the practice of law.*

Disciplinary Counsel argues basically that [Petitioner] misstated the facts concerning the background of his substantial liabilities for unpaid income tax; that he filed conflicting and contradictory statements concerning his employment history; that he testified falsely concerning his handling of certain funds (the "[A] Matter") and in certain other ways. After a review of the record, however, the board believes that all of these matters were properly brought to the attention of the hearing committee at the various hearings held; that [Petitioner] was subjected to vigorous cross-examination by Disciplinary Counsel with regard to these matters, and that the hearing committee, which had the benefit of hearing the witnesses and observing their demeanor, resolved all of these issues of fact in favor of [Petitioner]. Thus, in its initial hearing report, the committee found:

---

* Disciplinary ·Counsel also asserted that after his disbarment, [Petitioner] failed fully to comply with the requirements of notifying clients of his disbarment. However, this was rejected by the hearing committee on the grounds that even if technically correct, [Petitioner] had made a good faith effort fully to comply with his obligations. The panel concurs in this conclusion and agrees with [Petitioner's] argument that this procedural defect should not preclude his readmission to practice.

"12. That the petitioner freely acknowledges that his past conduct was extremely reprehensible and expressed deep regret for what he had done giving the reassurance that any such conduct would never reoccur."

In addition, in its supplementary report, the committee noted:

"Not only has the petitioner now convinced us by the weight of his testimony as to the rehabilitative efforts he has taken to restore himself to the individual he was at the time of his admittance to the Bar, but he has also supplied us with an explanation, albeit not a justification, for the reprehensible conduct he committed which led to his disbarment. We are satisfied that petitioner's drinking problem was responsible for what was a total collapse of his life, marital, financial and professional. We are further satisfied that in having conquered that drinking habit he has regained the perception, clearness of intellect and moral judgment that qualifies him as morally fit to resume the practice of law at this time. We were impressed by his candor as well as his obvious appearance of good health both of which were eloquent evidence of his reformation." (Emphasis added.)

Disciplinary Counsel also contends that the hearing committee erred in concluding that petitioner had demonstrated by clear and convincing evidence that he possesses the moral qualifications required for admittance to the practice of law and that his resumption of the practice of law will not be detrimental to the integrity and standing of the Bar or the administration of justice.

With respect to this issue, Disciplinary Counsel contends basically that the rehabilitative evidence offered by petitioner, while impressive, does not demonstrate that there was any causal relationship

between petitioner's drinking problems and the matters which led to his disbarment and, therefore argues that a finding that petitioner has finally coped with his drinking problems does not support a finding that he has overcome the character problems which were involved in the matters which led to his disbarment.

The board agrees with petitioner that this position is without merit. On the basis of the entire record, the board believes that the hearing committee carefully considered and properly evaluated the testimony concerning petitioner's drinking problem and properly found that this problem was responsible for his prior misconduct; that he had coped with this problem and that it no longer presented any basis for concern about his present moral qualifications for the practice of law.

## III. RECOMMENDATION

For the reasons stated above, and in the thoughtful findings, conclusions and discussion in the hearing committee's report and in its supplemental report, the board recommends to your honorable court that it adopt the recommendation that [Petitioner] be reinstated to the practice of law. It is further recommended that all costs incurred in the investigation and prosecution are to be paid by petitioner.

## ORDER

PER CURIAM, And now, this March 15, 1984, upon consideration of the recommendation of the Disciplinary Board dated November 15, 1983, the petition for reinstatement is denied.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.

Mr. Chief Justice Nix, Mr. Justice Zappala and Mr. Justice Papadakos dissent.